UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:20-CV-00042-TBR-LLK

EDWARD NESBY                                                          PLAINTIFF

v.

DAMIEN HEISNER, *et al.*                                            DEFENDANTS

---

**OPINION AND ORDER**

---

Senior Judge Thomas B. Russel referred this matter to U.S. Magistrate Judge Lanny King for ruling on all discovery motions. [DN 12].

On November 30, 2021, defendants Damien Heisner, ("Heisner"), and Massac Memorial Hospital, (collectively "defendants"), filed their Motion to Quash Subpoena Duces Tecum that plaintiff Edward Nesby, ("Nesby"), intend to issue to MedicOne Response, ("MedicOne"). [DN 31]. Nesby responded to the motion on December 10, 2021. [DN 35]. And on December 18, 2021, defendants filed their reply. [DN 36]. The Motion is now fully briefed and ripe for adjudication. For the reasons set forth herein, defendants' Motions to Quash, [DN 31], is **GRANTED.**

### Discussion

Nesby subpoenaed nonparty MedicOne requesting a "full and complete copy of Damien Heisner's employment file; a full and complete copy of Damien Heisner's personnel file; a full and complete copy of Damien Heisner's disciplinary and employment record; and all documents related to the termination of Damien Heisner's employment with MedicOne Medical Response." [DN 31-1]. Defendants ask this court to quash the requests; asserting that the information requested is beyond the scope of discovery and is irrelevant to Nesby's claims. [DN 31 at 1].

Fed. R. Civ. P. 45 governs nonparty subpoenas and a court "must quash or modify a subpoena" that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "Undue burden is to be assessed in a case-specific manner considering 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" *In re: Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018), *reh'g denied* (May 17, 2018), *cert. denied sub nom. New Prod. Corp. v. Dickinson Wright, PLLC*, 139 S. Ct. 289 (2018) (quoting *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)).

Here, where defendants seek to quash the subpoena, they "bear[] the ultimate burden of proof." *Hendricks v. Total Quality Logistics*, LLC, 275 F.R.D. 251, 253 (S.D.Ohio 2011). They face "the burden to establish that the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Invesco Int'l (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007).

Defendants meet that burden and accurately summarize the issues before the court:

> [1] The employment records sought by Plaintiff in the subject subpoena duces tecum post-date the accident by two and a half years. They are wholly irrelevant to the Plaintiff's case and the cause of the subject incident.
>
> [2] Defendant Heisner has standing to challenge the subpoena duces tecum because the records contain his personal information and employment records.

[DN 36 at 4].

First, Nesby's naked assertion that "his employment records are directly relevant to the claims and defenses being made in this case" is not compelling. [DN 35 at 3]. It is not clear to this Court why the records of employment held two and a half years after the accident should be

presumed to be directly relevant.  Nesby also asserts that credibility evidence is always relevant. [DN 35].  To be sure, information concerning the credibility of deponents is relevant and can be discoverable.  FED. R. CIV. P. 26(b)(1) Advisory Committee's Note, 2000 Amendment; *Mellon v. Cooper-Jarrett, Inc*., 424 F.2d 499, 501 (6th Cir. 1970).  Though, this does not mean that credibility evidence is always discoverable.  Here, where the need for the document is unclear, the breadth expansive, and the time period unreasonable, the subpoena is unreasonable and place an indisputably undue burden on defendants.[1]  *In re: Modern Plastics Corp.*, 890 F.3d at 251 (6th Cir. 2018).  And this Court agrees that the subpoenas to post-accident employers are irrelevant to any claim or defense in the present action.  *Hendricks,* 275 F.R.D. at 254 (S.D. Ohio 2011).

Second, defendants have standing to challenge the subpoena. Nesby argues that "Defendants cannot point to a personal right or privilege that applies to the records sought from Medic One."  [DN 35].  Defendants identify that "Mr. Heisner has a privacy interest in the information contained in those records and because they are irrelevant to this lawsuit, they should be withheld and the subpoena quashed." [DN 36 at 4].  This Court agrees. *Hendricks*, 275 F.R.D. at 253 (S.D. Ohio 2011) (quoting *Barrington v. Mortage IT, Inc.,* 2007 WL 4370647, at * 2 (S.D.Fla. Dec. 10, 2007).) ("Courts have repeatedly found that an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena.")

---

[1] Nesby asserts the request cannot result in undue burden "as Plaintiffs have agreed to pay for any production costs.  [DN 35 at 2].  This is irrelevant.

**Conclusion**

The Court, having reviewed the parties' briefing in this matter, arguments from counsel,

the record, and being otherwise sufficiently advised, **IT IS HEREBY ORDERED:**

Defendants' Motions to Quash Supboena Duces Tecum, [DN 31], is **GRANTED.**

**IT IS SO ORDERED**

April 19, 2021

**Lanny King, Magistrate Judge**
**United States District Court**

c:      Counsel of Record