UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-CV-00042-TBR-LLK

**EDWARD NESBY**                                                                                              **PLAINTIFF**

**v.**

**DAMIEN HEISNER,** *et al.*                                                                          **DEFENDANT**

**OPINION AND ORDER**

This matter is before the Court on two motions. First, Plaintiff Edward Nesby's Motion for Leave to File Damien Heisner's Employment File, [DN 42], Under Seal, [DN 40]. Second, Plaintiff's Motion for Leave to file an Amended Complaint and to Add a Claim for Punitive Damages against Defendants Damien Heisner and Massac Memorial Hospital, [DN 41]. Defendants, Damien Heisner and Massac Memorial Hospital, have responded, [DN 47], and Plaintiff replied, [DN 50]. This matter is now ripe for adjudication. For the reasons stated herein, Plaintiff's Motion for Leave to File Damien Heisner's Employment File Under Seal, [DN 40], is **GRANTED**, and Plaintiff's Motion to Amend Complaint and to Add Punitive Damages is **GRANTED.**

**I.**

This matter arose from a motor vehicle accident that occurred on August 31, 2017 in Paducah, Kentucky. [DN 1-1]. It is alleged that the weather was rainy this day and the roads were

wet. *Id.* At the time of the accident, Mr. Heisner was employed by Massac Memorial Hospital ("Massac") as a Basic EMT and was operating an ambulance owned by Massac. *Id.* Mr. Heisner was transporting a patient from Massac Memorial Hospital to Baptist Hospital in Paducah, Kentucky. As Mr. Heisner approached the intersection of S 28th Street and Jackson Street in Paducah, the patient's condition became critical and he lost his pulse. [DN 47 at 857–58]. Mr. Heisner engaged the ambulance's lights and siren as he drove towards Baptist Hospital. *Id.* As Mr. Heisner reached the intersection of S 28th Street and Jackson Street, he began to make a left-hand turn, grabbing the steering wheel with one hand and reaching for his radio to contact the Emergency Room with the other. [*Id.* at 858]. Mr. Heisner stated that he looked down at his radio to turn it to the correct channel and while doing so, his ambulance collided with Plaintiff's vehicle that was stopped at the red light. *Id.*

On January 24, 2020, Plaintiff filed a Complaint in McCracken Circuit Court against Damien Heisner and Massac Memorial Hospital. In his Complaint, Plaintiff brings claims for negligence and gross negligence, and negligence per se against both Heisner and Massac. [DN 1-1]. Plaintiff also brings two additional claims against Massac for negligent hiring, retention, supervision, and training, as well as negligent entrustment. *Id.* The Complaint seeks compensatory damages for his past and future medical expenses, lost wages, and pain and suffering. *Id.* The Complaint also seeks to recover costs and attorneys' fees. *Id.* This action was removed from the McCracken Circuit Court to the United States District Court for the Western District of Kentucky, Paducah Division on February 27, 2020. [DN 1; DN 3].

On April 14, 2020, the Court issued its Pretrial Scheduling Order that set forth September 1, 2020 as the deadline for filing motions to amend the pleadings and add additional parties. [DN 12]. Kent Webster, paramedic and manager of ambulance service at Massac, and John Douglas,

Human Resources Director at Massac were deposed on November 24, 2020. [*See* DN 42-1 and 42-3]. Damien Heisner was deposed on December 4, 2020. [*See* DN 42-2]. On January 13, 2021, Plaintiff requested leave to file Damien Heisner's Employment File from Massac Memorial Hospital under seal, [DN 40]. On January 14, 2021, Plaintiff filed the instant motion to amend his complaint and to add a claim for punitive damages against both Heisner and Massac. [DN 41]. A settlement conference was held on February 23, 2021, but the parties were unable to reach an amicable resolution. [DN 51].

## II.

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within twenty-one days after serving the pleading or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule directs that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Moreover, Fed. R. Civ. P. 15(d) provides, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The decision whether or not to permit the amendment is committed to the discretion of the trial court. *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

"Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (citation omitted); *see also Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995) ("[W]hile

the absence of prejudice to a non-moving party may be relevant in determining whether leave to amend should be granted under Rule 15(a), it does not fulfill the 'good cause' requirement of Rule 16(b)." Rule 16's "good cause" standard "primarily considers the diligence of the party seeking the amendment. In other words, in order to demonstrate 'good cause' a party must show that despite their diligence the timetable could not reasonable have been met." *Woodcock v. Kentucky Dept. of Corr.*, No 5:12-CV-00135-GNS-LLK, 2016 WL 3676768, at *3 (W.D. Ky. July 6, 2016) (quoting *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)).

## II.

### A. Plaintiff's Motion to File Documents Under Seal

Plaintiff having moved the Court for Leave to File Damien Heisner's Employment File [DN 42-5] under seal, and the Court being sufficiently advised, it is ordered that Damien Heisner's Employment File [DN 42-5] is hereby SEALED pending further Order of the Court.

### B. Motion to for leave to amend complaint and add punitive damages

#### 1) Good Cause for Delay

Here, Defendants argue that Plaintiff's motion failed to show good cause to amend his pleading after the scheduling order's deadline passed over four and a half months prior to Plaintiff's motion to amend. [DN 47 at 861]. Defendants further contend that "[s]ince September 1, 2020, there has been no revelation to show gross negligence on behalf of Mr. Heisner or Massac [ ] . . . To allow Plaintiff to add additional claims at this point in the litigation would cause Mr. Heisner and Massac to suffer undue prejudice." *Id.* Plaintiff's reply, however, aptly demonstrates good cause for the delay. For instance, Plaintiff states that only after discovery was the availability of a punitive damages claim apparent. The Court finds Plaintiff was diligent in moving for leave to amend once the facts amounting to a punitive damages claim were apparent. *See Cameron v.*

*DiamlerChrysler, Corp.*, No. 5:04-CV-24-JMH, 2005 WL 8165023, at *2 (W.D. Ky. Feb. 25, 2005) (holding that the plaintiff showed good cause for delay because the information supporting the punitive damages claim was not available until discovery began and because defendant would not suffer prejudice).

Plaintiff explains that "at the outset of this case, Plaintiff's counsel did not believe he had sufficient facts necessary to assert a claim for punitive damages." [DN 50 at 883]. When the original complaint was filed, Plaintiff had "[n]o information about Mr. Heisner, his employment history, his knowledge of how to operate emergency vehicles, or what conduct was or was not allowed . . . [n]or did Plaintiff have any information regarding Defendant Massac Memorial's knowledge of Mr. Heisner, his employment history, their practices, or relationship with Mr. Heisner." [*Id.* at 884]. Plaintiff acknowledges September 1, 2020 as the deadline for filing motions to amend the pleadings. However, the information supporting the punitive damages claim did not arise until discovery ensued. During discovery, Plaintiff deposed Kent Webster, paramedic and manager of ambulance service at Massac, and John Douglas, Human Resources Director at Massac on November 24, 2020. [*See* DN 42-1 and 42-3]. Subsequently, on December 4, 2020, Plaintiff deposed Defendant Damien Heisner. [*See* DN 42-2]. Based on Defendants' depositions and the production of Mr. Heisner's employment file, Plaintiff learned facts, information, and admissions supporting a claim for punitive damages against Mr. Heinser and Massac Memorial for the first time. [DN 50 at 844]. Plaintiff states he received a copy of Mr. Heisner's deposition transcript on December 17, 2020. [*Id.* at 886]. Then, after the holiday season and "suffering from COVID-19," Plaintiff's counsel filed the instant motion requesting leave to add a claim for punitive damages on January 14, 2021. *Id.* Accordingly, the Court finds good cause for the delay.

Next, Defendants argue that Mr. Heinser and Massac would suffer undue prejudice if Plaintiff were allowed to add a claim for punitive damages. Defendants cite to a Sixth Circuit case where the court affirmed the District Court's ruling that the plaintiff failed to show good cause because the proposed amendments were not based on any newly discovered facts. [DN 47 at 862]. *See Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014). However, *Ross* is distinguishable from the instant matter because here, Plaintiff's motion and the evidence in the record show that Plaintiff's proposed amendments are based on newly discovered facts. Defendants will not be prejudiced if the Court grants leave to file the amended complaint. Plaintiff's original filing includes a claim for gross negligence and bad faith. [DN 1-1]. The added punitive damages claim is based on the same underlying facts (the accident at issue) and does not assert a new claim or different theory of liability. It merely adds another theory of damages for the jury to consider. The newly discovered information obtained during depositions concerns Defendants' knowledge and state of mind—which is relevant to a claim for punitive damages and was previously unavailable to Plaintiff. Moreover, the Court notes that the parties were engaging in discovery during the COVID-19 pandemic—which significantly affected one's ability to take a deposition and caused most discovery to be delayed. Defendants may also request additional time for discovery based on Plaintiff's addition of the punitive damages claim. Thus, because the Court finds that Plaintiff has shown good cause for the delay and because Defendants will not suffer prejudice, Plaintiff has satisfied the requirements of Rule 16.

**2) Punitive Damages**

The next step is to determine whether to grant leave to amend pursuant to Rule 15. *Leary*, 349 F.3d at 906. Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend a complaint shall be freely granted "when justice so requires." In light of this liberal view, "[a] motion to amend a complaint

should be denied if the amendment is sought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010). According to *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000), "The test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion dismiss." Rose, 203 F.3d at 421.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a district court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). But the court "need not accept bare assertions of legal conclusions." *Id.* at 488.

In opposition to the motion to amend the complaint, Defendants argue that the facts in the case do not support Plaintiff's claim for punitive damages because Mr. Heisner's actions do not amount to gross negligence, and "without gross negligence against Mr. Heisner, Massac cannot be held liable for punitive damages on a theory of vicarious liability . . ." [DN 47 at 863, 867]. Therefore, the proposed amendment is futile because it is insufficient to state a claim for punitive damages under Kentucky law and could not withstand a Rule 12(b)(6) motion to dismiss. *Id.* As to Defendants' argument that the amendment would be futile, Plaintiff argues that determining whether granting a motion for leave would be futile is a test not of the evidence, but of the proposed pleading. [DN 50 at 889]. Thus, the only question is whether, taking all of the well-pleaded

allegations in the complaint to be true, and affording Plaintiff all reasonable inferences from those facts at this stage of the litigation, Plaintiff sufficiently states a plausible claim for punitive damages under Kentucky law. [*Id.* at 890].

"In order to justify punitive damages, there must be first a finding of failure to exercise reasonable care, and then an additional finding that this negligence was accompanied by wanton or reckless disregard for the lives, safety, or property of others." *Gibson v. Fuel Transport, Inc.*, 410 S.W.3d 56, 59 (Ky.2013). An employer may be liable for punitive damages based upon the conduct of its employees. Further, "[e]ven where a single act of negligence might not constitute gross negligence, gross negligence may result from the several acts." *MV Transp., Inc. v. Allgeier*, 433 S.W.3d 324, 338 (Ky. 2014) (quoting *Horton v. Union Light, Heat & Power Co.*, 690 S.W.2d 382, 388 (Ky.1985)). *Horton* expressly recognized that a finding of gross negligence and an award of punitive damages may be based, at least in part, upon evidence regarding the policies and procedures of the company. *Id*. at 388.

"The threshold for the award of punitive damages is whether the misconduct was 'outrageous' in character, not whether the injury was intentionally or negligently inflicted." *Peoples Bank of N. Ky., Inc. v. Crowe Chizek & Co.*, 277 S.W.3d 255, 267 (Ky. App. 2008) (citation omitted). Reckless disregard for the rights of others may be implied from the nature of the misconduct. *Id.* It is the flagrant indifference to the safety of others that justifies an award of punitive damages. *See Bowling Green Mun. Utils. v. Atmos Energy Corp.*, 989 S.W.2d 577, 581 (Ky. 1999). Moreover, to support an award of punitive damages Kentucky law requires a finding of a failure to exercise even slight care. *See Phelps v. Louisville Water Co.*, 103 S.W.3d 46, 51–52 (Ky. 2003). "The plaintiff must establish the reckless or wanton disregard for others by clear and

convincing evidence." *Colyer v. Speedway*, LLC, 981 F. Supp. 2d 634, 645 (E.D. Ky. 2013) (citing *Embry v. Geo*, 478 F. Supp. 2d 914, 920 (E.D. Ky. 2007)).

Plaintiff identifies several allegations in the proposed amended complaint that he contends could support a finding of gross negligence. These include that Defendant Heisner drove an emergency vehicle during an emergency situation while distracted and failed to stop or slow down at an intersection despite knowing that doing so places the lives of others at risk; Defendant Massac knew that Heisner had a troubling driving record including reckless driving, accidents, driving while intoxicated, and the loss of his license from 2012 to 2014; Massac terminated Heisner when he lost his license in 2012 but rehired him in 2014 and did not maintain any hiring policy that required applicants to have a clean driving record; and Massac did not provide training to Mr. Heisner despite knowing that he was a potential threat to the safety of others and agreeing that he was unfit to operate ambulances. *Id.*

Several instances of misconduct can support a claim for punitive damages. *Southard v. Belanger*, 966 F.Supp.2d 727, 740 (W.D. Ky. 2013). While it is true that "Kentucky courts have largely disallowed punitive damages as a matter of law in cases involving vehicle accidents," *M.T. v. Saum*, 3 F.Supp.3d 617, 624 (W.D. Ky. 2014), at this point the Court finds that Plaintiff has plead sufficient facts in the proposed amended complaint to survive a motion to dismiss, and, as such, the amendment to add a claim for punitive damages would not be futile. Accordingly, because the rules mandate that leave should be freely given when justice so requires, the Court chooses to exercise its discretion to grant Plaintiff leave to amend.

**CONCLUSION**

For the reasons stated, **IT IS HEREBY ORDERED** that Plaintiff Edward Nesby's Motion for Leave to File Damien Heisner's Employment File Under Seal, [DN 40] is **GRANTED**. Damien Heisner's Employment Files, [DN 42], and the attached exhibits shall be filed under seal.

It is further ordered that Plaintiff's Motion for Leave to file an Amended Complaint and to Add a Claim for Punitive Damages against Defendants Damien Heisner and Massac Memorial Hospital, [DN 41], is **GRANTED** and the Clerk is directed to file the attached First Amended Complaint, [DN 41-1].

**IT IS SO ORDERED.**

Thomas B. Russell, Senior Judge
United States District Court

May 10, 2021

CC: Counsel of Record